UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JASON MICHAEL ELLIS,      Case No. 2:20-cv-00323-AA

       Plaintiff,     OPINION AND ORDER

    v.

HAMMON (C.O. OSP), B. KELLY (Superintendent OSP), ADAMSON (Cpt. OSP), WASHBURN (Sgt. TRCI), BOSTON (Cpt. TRCI), DEACON (Hearings Officer TRCI), R. PERSSON (Westside Institution Administrator), BLEWETT (Superintendent Prisoner TRCI), LATTIMER (C.O. TRCI), Gibbs (Counselor TRCI), M. GOWER, (Asst. Director of Operations), C. BAUER (Lt. TRCI), JOHN DOE (#1 TRCI), DEMOS (Counselor TRCI), D. PRIMMER (Lt. TRCI), WATSON (Cpl. TRCI), WIGGINS (Sgt. TRCI), JOHN DOE (# 2, 3, 4, 5 TRCI), K. JACKSON (Asst. Superintendent TRCI), NOZELL (C.O. TRCI), HOYOS (C.O. TRCI), DAVIS (Lt. TRCI), MANSKER (C.O. TRCI), HERRON (Sgt. TRCI), MILLER (Sgt. TRCI), MARCH (C.O. TRCI), JOHN DOE (#6 Sgt. TRCI), RUBIO (C.O. TRCI), CUTTBERT (C.O. TRCI), HOUSTON (Lt. TRCI), LAGORE (Sgt. TRCI), MCCURRY (Acting Sgt. TRCI), {Sued in individual and official capacity},

       Defendants.

1 -    OPINION AND ORDER

AIKEN, District Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections (ODOC), filed this action pursuant to 42 U.S.C. § 1983 and alleged violations of his federal constitutional rights. Before the Court is defendants' Motion to Dismiss for Failure to State a Claim and various motions filed by plaintiff. For the reasons explained below, defendants' motion is granted in part and plaintiff's motions are denied.

DISCUSSION

In his Third Amended Complaint,[1] plaintiff alleges twenty-five claims arising from incidents at Oregon State Penitentiary (OSP) and Two Rivers Correctional Institution (TRCI) Plaintiff alleges violations of his constitutional rights to privacy and to procedural due process, First Amendment retaliation, and various state law tort claims. Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and argues that plaintiff does not sufficiently allege that any of the defendants personally participated in the alleged deprivation of his constitutional rights. Defendants further argue that plaintiff cannot pursue state law tort claims because he failed to comply with the notice requirement of the Oregon Tort Claims Act (OTCA). *See* Or. Rev. Stat § 30.275.

Under Rule 12(b)(6), a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The court need not accept as true "conclusory" allegations, unwarranted deductions of fact, or unreasonable inferences. *Id.* Instead, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly

---

[1] Defendants initially moved for dismissal of claims alleged in plaintiff's Second Amended Complaint. After defendants filed their motion, the Court allowed plaintiff to file a Third Amended Complaint. Defendants reassert their arguments for dismissal against the claims alleged in the Third Amended Complaint. Defs.' Reply at 2 (ECF No. 38).

2 -   OPINION AND ORDER

suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In pro se cases particularly, the court must construe the complaint liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Construing all inferences in favor of plaintiff, I find that Claims 1 through 5, 8, 20, and 23 plausibly allege claims for relief.

Claim 1 arguably alleges that Officer Hammon violated plaintiff's right to bodily privacy on May 1, 2019 at OSP. *See Vazquez v. Cty. of Kern*, 949 F.3d 1153, 1160 (9th Cir. 2020) (stating that the "right to bodily privacy [under the Fourteenth Amendment] was established in this circuit in 1963" and "this right [was extended] to prison inmates in 1985") (citations omitted). Claims 2, 3, and 4 allege that Officer Hammon interfered with plaintiff's attempts to file grievances and complaints regarding the conduct alleged in Claim 1. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) ("It is well-established that, among the rights they retain, prisoners have a First Amendment right to file prison grievances."). Claim 5 plausibly alleges

3 -    OPINION AND ORDER

that Officer Hammon effectuated plaintiff's subsequent transfer to TRCI in retaliation for plaintiff's complaints against him. *Rizzo v. Dawson,* 778 F.2d 527, 531-32 (9th Cir. 1985) (recognizing a First Amendment right to be free from prison transfers made in retaliation for filing grievances). In Claim 8, plaintiff alleges that defendants Washburn and Watson issued a false disciplinary report on October 21, 2109, in retaliation for plaintiff's threat of a lawsuit. *Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017) (stating that "threats to sue fall within the purview of the constitutionally protected right to file grievances"). In Claim 20, plaintiff alleges that defendant March retaliated against him on March 5, 2020, after plaintiff stated an intent to file a lawsuit. *Id.* Finally, in Claim 23, plaintiff alleges that defendants Brush and Olvera retaliated against him on May 23, 2020 by filing false misconduct reports against him because of his complaints and grievances. *Brodheim*, 584 F.3d at 1269.

Claims 1 through 5, 8, 20, and 23 also purport to allege various other constitutional violations and state law tort claims. Plaintiff's allegations do not support § 1983 claims aside from those specified above, and plaintiff cannot pursue state law tort claims against the named defendants. Plaintiff's sole cause of action for torts committed by ODOC officials acting within the scope of their employment is an action against ODOC under the OTCA. *See* Or. Rev. Stat. § 30.265(3). Plaintiff did not bring suit against ODOC or name it as a defendant, and, as an arm of the State, ODOC is immune from suit in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989).

Plaintiff's remaining claims also fail to state cognizable claims for relief. Claim 5(b) and part of Claim 6 are duplicative of Claim 5, and the additional factual allegations in Claim 6 and 6(b) suggest, at most, a lack of communication by Gibbs, Demos, and Gower rather than participation in a constitutional deprivation.

Claims 7, 7(b), and 13 express plaintiff's dissatisfaction with the responses to his grievances and Notice of Tort Claim. However, "prisoners do not have a 'constitutional entitlement to a specific prison grievance procedure.'" *Fairley v. Shelton*, 664 Fed. Appx. 616, 617 (9th Cir. 2016) (citation omitted); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure). Further, the denial of a grievance, standing alone, is de minimis action and insufficient to establish a claim of retaliation. *See, e.g., Watson v. Carter,* 668 F.3d 1108, 1114 (9th Cir. 2012); *Burgos v. Canino*, 641 F. Supp. 2d 443, 454 (E.D. Pa.) (finding that the rejection or denial of prison grievances does not constitute adverse action for purposes of a retaliation claim), *aff'd*, 358 Fed. App'x 302 (3d Cir. 2009); *Garcia v. Sleeley*, 2019 WL 2234789, at *9 (S.D. Cal. May 22, 2019); *Dicey v. Hanks*, 2015 WL 4879627, at *5 (E.D. Cal. Aug. 14, 2015) ("[T]he denial of a grievance neither constitutes an adverse action that is more than de minimis nor is it sufficient to deter a prisoner of 'ordinary firmness' from further First Amendment activities").

Plaintiff's allegations in Claims 8(b), 9, and 16 are duplicative of Claim 8 and the allegations that Washburn and Watson retaliated against him.

In Claims 10, 10(b), 11, 11(b), 12, 17, 17(b), 18, 18(b), 19, and 25, plaintiff raises procedural due process claims based on the lack of evidence supporting misconduct reports and/or disciplinary sanctions, the process received at his disciplinary hearings, and his placements in disciplinary segregation. However, a prisoner is entitled to procedural due-process protections only when a prison-disciplinary action "implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Plaintiff alleges no sanction that rose to

the level of an atypical or significant hardship. *See, e.g., May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (holding that placement in disciplinary segregation does not implicate a liberty interest because it "falls within the terms of confinement ordinarily contemplated by a sentence"); *Resnick v. Hayes*, 213 F.3d 443, 448-49 (9th Cir. 2000) (placement in segregated housing pending a disciplinary hearing did not implicate a protected liberty interest).

In Claims 14 and 15, plaintiff alleges a claim under PREA, state law tort claims, and violations of Or. Rev. Stat. § 124.100, et seq., prohibiting the abuse of a vulnerable person. No private cause of action exists under PREA, and plaintiff cannot pursue state law tort claims against the defendants for the reasons explained above. *Hernandez v. Coffee Creek Corr.*, No. 3:18-cv-01763-MK, 2020 WL 6905321, at *2 (D. Or. Nov. 24, 2020).

In Claims 21 and 22, plaintiff alleges that defendants misplaced or returned eight photos from his wife and mistakenly gave him several photos of another inmate's wife. According to plaintiff, he was ordered to relinquish the photos erroneously given to him and he never received the photos from his wife. These allegations suggest negligence, at most, and cannot sustain a claim under § 1983.

Finally, the allegations in Claim 24 are duplicative of those alleged in Claim 23 and plaintiff's claim of retaliation against defendant March.

For similar reasons, plaintiff fails to allege sufficient facts to bring claims against defendants Kelly, Adamson, Boston, Deacon, Persson, Blewett, Lattimer, Gibbs, Gower, Bauer, Demos, Primmer, Wiggins, Jackson, Nozell, Hoyos, Davis, Mansker, Herron, Miller, Rubio, Cutburth, Houston, LeGore, McCurry, and John Does 1-6. Liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the

violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges no facts suggesting that these defendants personally participated in the violations of his rights alleged in Claims 1 through 5, 8, 20, and 23, and plaintiff's remaining claims do not state cognizable claims for relief. Plaintiff cannot rely defendants' alleged violation of ODOC regulations to support § 1983 claims against them.

Plaintiff has amended his complaint twice, and given the underlying factual allegations, I find that further amendment would be futile.

In response to defendants' motion, plaintiff filed motions for summary judgment and for judgment on the pleadings. Defendants have yet to answer plaintiff's claims, and his motions are unsupported and inappropriate at this stage of the proceedings.

## CONCLUSION

Defendants' Motion to Dismiss for Failure to State a Claim (EFC No. 32) is GRANTED in part and DENIED in part.

Defendants' motion is DENIED with respect to Claims 1, 2, 3, 4, 5, 8, 20, and 23 alleging violations of plaintiff's rights to privacy and to file grievances, against defendants Hammon, Washburn, Watson, March, Olvera, and Brush. Defendants' Answer to these claims is due within twenty-one days after receipt of this Order. Defendants' motion is GRANTED with respect to all other claims alleged in Claims 1 through 5, 8, 20, and 23.

Defendants' motion is GRANTED with respect to all claims alleged in Claims 6, 7, 9 through 19, 21, 22, 24, and 25. Defendants' motion is also GRANTED with respect to claims alleged against defendants Kelly, Boston, Deacon, Persson, Blewett, Lattimer, Gibbs, Gower, Bauer, Demos, Primmer, Wiggins, Jackson, Nozell, Hoyos, Davis, Mansker, Herron, Miller,

Rubio, Cutburth, Houston, LeGore, McCurry, and John Does ## 1-6, and these defendants are DISMISSED from this action.

Plaintiff's Motions for Partial Summary Judgment, Judgment on the Pleadings or Proceedings, and to Proceed (ECF Nos. 39, 46, 50, 51) are DENIED. Plaintiff's Motions to Correct (ECF Nos. 41, 48) are DENIED as moot. Plaintiff's Motion for Clarification (ECF No. 49) is GRANTED to the extent that the Order dated Dec. 21, 2010 (ECF No. 45) granted plaintiff's request to withdraw his Motion to File Supplemental Complaint.

IT IS SO ORDERED.

DATED this <u>26th</u> day of March, 2021.

>            /s/Ann Aiken
>            Ann Aiken
>            United States District Judge

8 -    OPINION AND ORDER